UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC KEITH RODGERS
    Plaintiff,
    v.

REVIERT, *et al.*,
    Defendants.
_____/

Case No. 23-13211

Matthew F. Leitman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (ECF No. 16)

Plaintiff moved for appointment of counsel on May 29, 2024. (ECF No. 16). In support of the motion, Plaintiff states that they cannot afford counsel, imprisonment will limit the ability to litigate, they have limited access to the law library, they struggle with PTSD and behavioral health issues, counsel will be better able to conduct a trial and cross-examine witnesses, and they will need counsel to file discovery motions.[1]

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981). With few exceptions,

---

[1] The Court uses the pronoun "they" to refer to Plaintiff because Plaintiff alleges gender dysphoria in the complaint. until the correct pronouns are clear, "they" will be used.

it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Though there are four named Defendants, Plaintiff's claims are not exceedingly complex. Should access to the law library hinder their ability to timely file a brief or a motion, Plaintiff may file a simple motion requesting an extension of time explaining the reason for the request. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); see also *Ouellette v. Hills*, 2016 WL5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). Plaintiff will have all the discovery tools available if

and when discovery begins, including mailing requests for admission, interrogatories, and requests for documents to the defendants. The defendants will have to respond to proper discovery requests.

The motion is **DENIED WITHOUT PREJUDICE**. Plaintiff may move for appointment of counsel again if they defeats a dispositive motion, such as a motion for summary judgment.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 11, 2024.                         s/Curtis Ivy, Jr.
                                             Curtis Ivy, Jr.
                                             United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 11, 2024.

s/Sara Krause
Case Manager
(810) 341-7850
